```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

GREGORY B. MYERS,

    Plaintiff,

v.                                    Case No: 2:24-cv-235-JES-KCD

CITY OF NAPLES, FLORIDA and
NAPLES PROPERTY HOLDING
COMPANY, LLC,

    Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of defendant Naples Property Holding Company's Motion to Dismiss and Request to Declare Plaintiff a Vexatious Litigant (Doc. #4) filed on May 24, 2024. Finding no timely response, the Court directed plaintiff to file a response by July 19, 2024. (Doc. #16.) Plaintiff sought an extension of time that was denied because "Plaintiff has been afforded nearly two months to prepare a response, and this latest request comes well after the Court issued a show cause order and on the eve of the response deadline." (Doc. #20.) A response was due by July 29, 2024. Plaintiff filed a Preliminary Response in Opposition to Motion (Doc. #22) on July 30, 2024, one day late and along with the usual motion to accept the response as timely filed. (Doc. #23.) The motion was granted, and the late response accepted

as timely filed as "the ends of justice are best served by … considering this dispute on the merits." (Doc. #24.)

Also pending is Naples Property Holding Company's Motion for Sanctions (Doc. #15) filed on July 8, 2024. Once again, no timely response was filed and the Court directed plaintiff to file a response by August 6, 2024, with no extensions to be granted. (Doc. #21.) Plaintiff filed a late Amended Response in Opposition (Doc. #36) on August 8, 2024.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

2

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015).

**II.**

Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331 (a federal question), 42 U.S.C. § 1983 (civil rights under color of state law) and § 1985 (conspiracy to impede official duties, obstructing justice, intimidation, and to deprive persons of rights)[1], and 28 U.S.C. § 1367 for the supplemental state law claims. Defendants are the City of Naples, Florida, and Naples Property Holding Company, LLC (NPHC).

As asserted in the Complaint, on August 26, 1887, the "Plan of Naples" was filed in Lee County, Florida, and filed on September 27, 1923, in Collier County after it was established. On or about July 21, 1913, William B. Haldeman, Bruce Haldeman, and Isabel Haldeman entered into an agreement with Naples Improvement Company, which was recorded in 1925 (the 1913 Agreement). In 1925, the City Council of the Town of Naples adopted ordinance #42 (the

---

[1] As there are no conspiracy or civil rights claims based on race stated in the Complaint, the Court declines to find that federal jurisdiction is present under 42 U.S.C. § 1985.

1925 Plan) dividing the Town into business and residential properties.  Pursuant to a Warranty Deed recorded in 1926, Naples Improvement Company conveyed certain property to Naples Development Company (NDC).  In 1930, NDC, a Florida Corporation, and certain individuals transferred public streets, avenues, and alleys to Lee County Bank & Trust Company as Trustee (LCBT).  In 1930, the City of Naples "purportedly passed and adopted Ord#72" but it was not recorded in Collier Count until 1944.  In 1933, LCBT transferred to NDC public rights of way, which appears to be the same property NDC conveyed to the LCBT as Trustee.

A few months later, the "Map of Naples Golf and Beach Club Tract" was recorded, after the golf course had already been built and was in operation.  In 1939, "Subdivision of Block 7, Naples Golf and Beach Tract" was recorded.  In 1956, a "Corrective Detail South Golf Driveway Blocks 7, 8, 9, & 10" and the plat for "Golf Drive Estates" were recorded.

In 2005, plaintiff acquired an entireties interest in the property located at 700 Gulf Shore Boulevard North, Naples and legally described as "Lot 10, Block 7, Naples Golf and Beach Club Tract" and the chain of title includes the "1926 Deed".  In or around February 2018, Naples Property Holding Company, LLC (NPHC), entered into an option agreement with Naples Golf and Beach Club, Inc. to purchase approximately 124.3 acres of property in the City

of Naples, including an 18-hole golf course. On or about January 7, 2019, NPHC through its attorney submitted to the City of Naples an "Application for Comprehensive Plan Amendment" requesting approval to change the future land use designation of 10 acres to allow for redevelopment of the Naples Golf and Beach Club (Petition 19-CPA1). On February 13, 2019, NPHC appeared before the City of Naples Planning Advisory Board, and on May 1, 2109, the City of Naples City Council voted to adopt Ordinance 2019-14328. Plaintiff alleges that pursuant to Fla. Stat. § 163.3184(11) defendants were required to publish an advertisement before the adoption hearing containing a geographic location map but did not do so.

Plaintiff asserts a breach of contract in Count I as a third-party beneficiary of the 1913 Agreement and a breach of contract in Count II as a third-party beneficiary of the 1925 Plan. In Count III, plaintiff alleges a legal interest in the 10 acres of property subject to a comprehensive plan amendment Petition 19-CPA1. Plaintiff alleges a violation of his procedural due process rights in Count III because "Defendants", acting under the color of law, failed to publish an advertisement before the adoption hearing for Ordinance 2019-14328. Plaintiff alleges a violation of his substantive due process rights in Count IV for the same reasons articulated in Count III. Plaintiff alleges a Fifth Amendment taking because he has "vested rights" in the Plan of

Naples, the 1913 Agreement, the 1925 Plan, the Naples Golf & Beach Club Tract, and 10 acres subject of the comprehensive plan amendment. In Count VI, plaintiff asserts a violation of 11 U.S.C. § 362(k) based on his Chapter 13 filing in the Bankruptcy Court for the District of Delaware and defendants' action to change the future land use designation during the automatic stay.

### III.

Starting with the federal claims, Section 1983 provides a private cause of action against any person who, under color of state law, deprives a person of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "To state a claim for relief in an action brought under § 1983, plaintiffs must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law.  Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1276–77 (11th Cir. 2003) (citation omitted).  "A constitutional claim brought pursuant to § 1983 must begin with the identification of a specific constitutional right that has allegedly been infringed."

6

DeMartini v. Town of Gulf Stream, 942 F.3d 1277, 1288 (11th Cir. 2019) (quoting Paez v. Mulvey, 915 F.3d 1276, 1285 (11th Cir. 2019)).

Plaintiff's federal question claims are based on a lack of procedural due process, substantive due process, and an unconstitutional taking. The Court notes that the Complaint is a shotgun pleading.

"A complaint is a shotgun pleading if it contains pervasive conclusory and immaterial facts not obviously connected to a specific claim or asserts multiple claims without specifying who is responsible or which persons the claim is brought against. [] A shotgun pleading makes it virtually impossible to know which allegations of fact are intended to support which claims for relief." Brown v. Columbus Police Dep't, No. 23-11896, 2024 WL 3451862, at *6 (11th Cir. July 18, 2024). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997).

There are four types of shotgun pleadings: (1) a complaint with multiple counts where each count adopts all preceding counts "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that … is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate into separate counts each claim for relief; and (4) "there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015).

In this case, plaintiff has committed the venial sin of filing a Complaint replete with conclusory and vague allegations with no clear connection to the facts and the rare sin of lumping defendants together without specifying how the count applies to each defendant separately and individually.  This is an important distinction necessary to plaintiff's claims where one defendant is a municipality while the other is a private entity that must be alleged to have acted under color of state law.  For these reasons alone, the motion to dismiss will be granted.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss (Doc. #4) is **GRANTED** and the Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order. The Request to Declare Plaintiff a Vexatious Litigant (Doc. #4) is **deferred** pending the filing of an Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of September 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record