UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY B. MYERS,

        Plaintiff,

    v.                          Case No.: 2:24-CV-235-JES-KCD

CITY OF NAPLES, FLORIDA,
NAPLES PROPERTY HOLDING
COMPANY, LLC,

        Defendants,
_____/

## ORDER

Plaintiff Gregory Myers seeks an order sending this dispute to arbitration and staying the case. (Doc. 50.)[1] Defendant Naples Property Holding Company, LLC has responded in opposition (Doc. 52), making this matter ripe. For the reasons below, the motion is **DENIED**.

Arbitration is simply a matter of contract. "[I]t is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995). Because arbitration requires consent, a court presented with a motion to compel arbitration must assess three factors: (1) whether a valid agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

whether the right to arbitrate was waived. *See Abellard v. Wells Fargo Bank, N.A.*, No. 19-CV-60099, 2019 WL 2106389, at *2 (S.D. Fla. May 14, 2019).

"The court must grant a motion to compel arbitration if it is satisfied that the parties agreed to arbitrate the claims at issue." *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.*, 686 F. Supp. 2d 1318, 1322 (S.D. Fla. 2010). The problem with Plaintiff's motion is simple—there are no "claims at issue." *Id.* The Court dismissed Plaintiff's complaint several weeks ago. (*See* Doc. 44.) And while he was given leave to amend, that has not happened. Without an operative complaint to compare with the alleged arbitration agreement, the Court cannot assess if arbitration is proper. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005) ("[P]arties are required to arbitrate covered claims, [but] neither is required to arbitrate non-covered claims."); *see also CIBC Bank USA v. ISI Sec. Grp., Inc.*, No. SA-18-CV-00462-JKP, 2020 WL 2615758, at *4 (W.D. Tex. May 21, 2020) (denying motion to compel arbitration where "there are no live claims to compel to arbitration"). Any other result would amount to "an impermissible advisory opinion on [an] abstract proposition of law." *In re Checking Acct. Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015).

Accordingly, Plaintiff's Motion to Compel Arbitration (Doc. 50) is **DENIED WITHOUT PREJUDICE**.

**ORDERED** in Fort Myers, Florida on October 28, 2024.

Kyle C. Dudek
United States Magistrate Judge